## DWIGHT JEWETT *vs.* LEWIS L. DRAPER.

If in a deed of land it is provided that the grantee shall assume and pay a certain debt secured by a mortgage upon the premises, and a question subsequently arises between the grantor and grantee whether this has been done, the burden of proof is on the latter to show that he has performed his duty.

The opinion of an expert that certain words were interpolated in a written agreement after the signature, if founded upon the situation and crowded appearance of the words, is inadmissible.

CONTRACT. The declaration alleged that the plaintiff, as collateral security for his promissory note of $1250, executed and delivered to the defendant a mortgage of about seventy acres of land in Deerfield; that the premises were described in the mortgage as being subject to three previous mortgages, one of which was a mortgage by the plaintiff to the Massachusetts Hospital Life Insurance Company for $300 ; that the mortgage to the defendant contained a recital that the latter should assume and pay the three previous mortgages, and that the amount due thereon made a part of the consideration of the note for $1250; and that the defendant has not paid the mortgage for $300, although the plaintiff has paid the whole of the note for $1250. The defence was, that the defendant had paid the mortgage for $300, and that by a subsequent arrangement, when the plaintiff sold his equity of redemption in the premises, it was mutually arranged that the purchaser should assume the mortgage of $300, and that thereupon that amount was deducted in taking up the note for $1250.

At the trial in the superior court, before *Ames*, J., the jury returned a verdict for the plaintiff, and the defendant alleged exceptions, which are sufficiently stated in the opinion.

*E. Dickinson*, for the defendant, cited, in addition to cases cited in the opinion, as to the admissibility of the evidence objected to, 1 Greenl. Ev. §§ 440, 581; *Page* v. *Homans*, 14 Maine, 478 ; *Withee* v. *Rowe*, 45 Maine, 571 ; *Robertson* v. *Stark*, 15 N. H. 109 ; *Lester* v. *Pittsford*, 7 Verm. 161 ; *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 545 ; *Boston & Worcester Railroad* v. *Old Colony & Fall River Railroad*, 3 Allen, 142.

*D. Aiken,* for the plaintiff, cited, upon the same question, *Stone* v. *Hubbard,* 7 Cush. 595; *Baxter* v. *Abbott,* 7 Gray, 78; *Dickenson* v. *Fitchburg,* 13 Gray, 546; *Davis* v. *Mason,* 4 Pick. 156.

CHAPMAN, J. The question raised as to the burden of proof must be determined by adverting to the nature of the plaintiff's claim. It appears that he had a tract of land which was subject to three mortgages, and desired to borrow money of the defendant upon a further mortgage of the land. The defendant lent him the money, and took his note for $1250, which included not only the sum lent but the amount due on all the prior mortgages. It was stipulated in the deed that the defendant should assume these mortgages. Upon the performance of this promise, the plaintiff would hold the land subject to a single mortgage to the defendant, and the debts referred to would be extinguished. By giving his note for the amount of the debts, the plaintiff had in effect furnished the defendant with the money to pay them, and the defendant undertook that duty. The case is therefore like that of *Mc Gregory* v. *Prescott,* 5 Cush. 67, where it was held that, the contract being proved by which the defendant promised to pay money or perform a duty, the burden is on the defendant to prove performance. It is unlike a covenant against incumbrances, or a guaranty, where the plaintiff can recover only nominal damages unless he proves that he has himself removed the incumbrance or paid the debt. The ruling as to the burden of proof was therefore correct.

But the opinion of the witness offered as an expert should have been excluded. The leading case as to experts on the subject of handwriting is *Moody* v. *Rowell,* 17 Pick. 490. It was there held that though the opinion of an expert is competent on the question whether a signature is in a genuine or an imitated hand, yet such evidence is in general deserving of but little consideration, and is often wholly immaterial. This then is the extreme limit to which this species of testimony should be carried. In *Commonwealth* v. *Webster,* 5 Cush. 301, the witness was permitted to state his opinion that the writing produced was in the disguised hand of the prisoner, though it did not resemble his usual hand; but he was not permitted to

state his opinion whether it was written with a certain instru-ment that had been found in the defendant's laboratory. In *Bacon* v. *Williams*, 13 Gray, 525, the witness testified to cer-tain physical appearances of a folded paper where the writing was across the fold, he having examined it with a microscope, and gave his opinion from the spreading of the ink whether it was written subsequent to the folding. He also testified as to the difference in the ink used in different parts of the writing, and as to the characteristics of the letters. These were partic-ulars as to which a person of skill might enlighten a jury. But in the present case the question was not as to the genuineness of the writing, the similarity of ink, or the action of the ink upon the paper. It was alleged that the words " Boston mort-gage $300 " were interpolated after the signature; and the only facts spoken of as bearing upon the question are, their not being written in the usual place above the signature, but by the side of it, and the crowded and huddled appearance of the words A juror of ordinary intelligence was as competent to judge of these facts and draw proper inferences from them as the witness could be. Skill in the detection of counterfeits could give no aid in determining whether the words or the signature were written first.

But it is said that if the evidence was not competent it was at least immaterial, and therefore the exceptions should be over-ruled. There is no ground for this assertion. The court cannot know that the jury were not materially influenced by it. The witness was permitted to state under oath his opinion as to a fact which they must determine, and they were instructed to receive this opinion as evidence. It would be their duty to regard it accordingly. *Exceptions sustained.*